Botsford, J.
This action came on for trial before the Court, Botsford, J., presiding, and the issues having been duly tried and findings having been duly rendered,
It is Ordered and Adjudged,
I.For the reasons set forth in the Court’s Memorandum of Decision and Order for Judgment, dated November 18, 2003 [17 Mass. L. Rptr. 125], the Further Amended Judgments, entered on June 28, 1976, in City of Boston v. Massachusetts Port Authority, C.A. No. 99492, and in Secretary of Environmental Affairs v. Massachusetts Port Authority, C.A. No. 521, respectively, which are attached hereto as Exhibits A and B, are hereby modified to permit the Massachusetts Port Authority (“Massport”) to construct and operate Runway 14/32 as a unidirectional runway (as defined in the Court’s Memorandum of Decision) in accordance with: (1) the Certificate of the Secretary of Environmental Affairs on the Final Environmental Impact Report in EOEA #10458, dated June 15, 2001 (the “Certificate,” a copy of which is attached hereto as Exhibit C); and (2) Massport’s Section 61 Findings, set forth in a Resolution and Vote dated June 18, 2001 (the “Section 61 Findings,” a copy of which is attached hereto as Exhibit D); and (3) the Record of Decision of the Federal Aviation Administration on the Airside Improvements Planning Project, dated August 2, 2002 (the “ROD,” a copy of which is attached hereto as Exhibit E).
2. Except as provided in paragraph 3, Massport shall implement the mitigation measures identified in the Certificate, Section 61 Findings, and ROD prior to commencement of operations on proposed Runway 14/32. For the purposes of this paragraph, where a mitigation measure consists of an ongoing obligation, implementation shall mean that the measure is fully defined and in effect, provided that Massport shall continue to implement such measure after commencing the use of Runway 14/32. Implementation shall not mean for purposes of this paragraph that soundproofing mitigation be completed before commencement of Runway operations or sandpiper mitigation be completed prior to commencement of construction on the centerfield taxiway. Massport shall utilize all due diligence to complete soundproofing mitigation (and related building code upgrades) by November 30, 2008.
3. With respect to Peak Period Pricing, Massport shall promptly prepare a plan for Peak Period Pricing or comparable demand management program (hereinafter the “Demand Management Plan”), in accordance with the Certificate, Massport’s Section 61 Findings, the ROD, and this Court’s Memorandum of Decision and Order for Judgment, and shall implement the plan in accordance with the following schedule:
a. Before beginning construction on Runway 14/32, Massport shall:
i. Submit to the Federal Aviation Administration a detailed description of the Demand Management Plan;
ii. Commence a rulemaking pursuant to G.L.c. 30A, §§2, 3, as the case may be, to promulgate the Demand Management Plan; and
iii. File notice of such rulemaking, including a copy of the proposed rules, with the State Secretary. *30 b. Prior to Massport painting or otherwise marking Runway 14/32 pursuant to 14 CFR 139.311, Massport’s Board shall promulgate final rules putting into effect the Demand Management Plan, and shall file such rules with the State Secretary pursuant to G.L.c. 30A, §5, for publication in the Massachusetts Register.
c. Unless final rules implementing the Demand Management Plan are published on or before March 1, 2005, Massport shall by that date serve on the parties a status report describing the steps it has taken to complete the rulemaking and identifying the causes of any delay or anticipated delay in completing the rulemaking (including without limitation the need to develop an alternative demand management program), and the steps that Massport proposes to take to minimize any delay in such rulemaking.
d. Massport shall continue to implement the Demand Management Plan for so long as Runway 14/32 shall remain in use, as such plan may be lawfully amended from time to time consistent with this Final Judgment.
4. In any request for approval of an amendment to the Logan Airport airport certification manual or airport certification specifications to include Runway 14/32 pursuant to 14 CFR 139.217 (or its successor regulation, 14 CFR 139.205), Massport shall propose Runway 14/32 as a unidirectional runway, and shall reference in such request the requirements of the Certificate and the ROD, including but not limited to the wind restriction.
5. Massport shall serve on counsel of record for all parties an annual report providing a detailed description of its progress and schedule for the completion of the soundproofing mitigation relating to Runway 14/32. The report shall be filed by March 1 of 2005, and annually thereafter on or before March 1 until this soundproofing is completed. The report shall describe the steps that Massport has taken to complete the soundproofing, identify the causes of any delay or anticipated delay in completing the soundproofing by November 30, 2008, and describe in detail the steps that Massport proposes to take to eliminate or minimize any such delay in completion.
6. The parties recognize each other’s rights to move for any appropriate relief under Mass.R.Civ.P. 60(b)(5) and 60(b)(6) with regard to this Final Judgment. In addition, provided that Runway 14/32 is otherwise constructed and operated in accordance with the provisions of paragraphs 1, 2, 3, and 4, on motion made under Mass.RCiv.P. 60(b)(5) and 60(b)(6), the following shall constitute changed circumstances sufficient to require further judicial review and, if deemed appropriate by this Court, justify modification of this Judgment in a manner determined by this Court or as agreed by the parties:
a. The Demand Management Plan is specifically prohibited by law, or declared unlawful or enjoined by a court with appropriate subject matter jurisdiction and personal jurisdiction over Massport;
b. This Court finds, after hearing, that there is impossibility of performance of the Demand Management Plan; or
c. The Federal Aviation Administration or other responsible federal authority determines not to implement, or to rescind, the wind restriction described in the Record of Decision.
As part of any request for modification made pursuant to this Paragraph 6, Massport shall demonstrate that it has and that it will take appropriate measures to attempt to achieve the purpose of the mitigation measure. Such steps may, but will not necessarily, include (i) pursuing appeals from a decision declaring unlawful or enjoining the Demand Management Plan, (ii) undertaking to revise the Demand Management Plan so that insofar as possible it meets its original objectives while eliminating features that have been held to be unlawful, and (iii) taking such other steps as may be appropriate in the circumstances.
7. In accordance with, and for the reasons set forth in, the Court’s Memorandum of Decision and Order on Counterclaims, dated November 18, 2003 [17 Mass. L. Rptr. 125], and its earlier Memorandum of Decision and Order on the Massachusetts Port Authority’s Motion to Dismiss Counterclaims, dated April 29, 2002, a judgment of dismissal is hereby entered in favor of the Massachusetts Port Authority on all of the Defendants’ counterclaims, such dismissal being with prejudice as to all such counterclaims except Count VI of the Counterclaims filed by the City of Boston, which is hereby dismissed without prejudice.
8. The Court shall retain continuing jurisdiction over all aspects of this matter, including but not limited to the enforcement and modification of this Final Judgment. Nothing herein shall be construed to relieve Massport of any requirement or obligation it may have pursuant to the Massachusetts Environmental Policy Act or other law.
9. All provisions of the Further Amended Judgments not modified by this Final Judgment shall remain in effect, including but not limited to all provisions relating to modification or further amendment as provided in Mass.R.Civ.P. 60(b)(5) and Mass.RCiv.P. 60(b)(6).
10. The parties to this matter shall bear their own fees and costs. Massport, EOEA and the City of Boston have agreed that they will not pursue an appeal from this Final Judgment, but in the event that any other party files an appeal, then all parties reserve all rights of appeal and cross appeal on all issues decided in the Court’s Memorandum of Decision and Order for Judgment, dated November 18, 2003, Memorandum of Decision and Order on Counterclaims, dated Novem *31 ber 18, 2003, Memorandum of Decision and Order on the Massachusetts Port Authority’s Motion for Judgment on the Pleadings, dated April, 29, 2002, and Memorandum of Decision and Order on the Massachusetts Port Authority’s Motion to Dismiss Counterclaims, dated April 29, 2002, respectively.